## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **John Doe and Jane Doe, individually and as Parents, Guardians, and Next Friends of their a minor child ABC and on behalf of all other similarly situated,**<br><br>       **Plaintiff,**<br><br>**vs.**<br><br>**Pawleys Island Community Church; Pawleys Island Christian Academy; Southern Baptist Convention, The Executive Committee of the Southern Baptist Convention, Donald James Williams, individually and in his capacity as former Senior Pastor of Pawleys Island Community Church; Virginia Lee "Ginny" Williams, individually and in her capacity as an employee and member of the leadership of Pawleys Island Community Church; Jennifer "Niki" Howard, individually and in her capacity as former Director of Pawleys Island Christian Academy; John Doe Elders 1-10, individually and in their representative capacities as members of the Elder Board of Pawleys Island Community Church; and Warren Spencer Perry,**<br><br>       **Defendants.** | **Case No.** 2:26-cv-03239-RMG |

## CLASS ACTION COMPLAINT

COME NOW, Plaintiffs John Doe and Jane Doe, individually and as Parents, Guardians, and Next Friends of their minor child ABC and on behalf of all others similarly situated, complaining of the Defendants above-named, respectfully show unto this Honorable Court and allege as follows:

## NATURE OF ACTION

1.      This is a Class Action arising from Defendants' knowing, negligent, grossly negligent, reckless, willful, and wanton placement, retention, concealment, and protection of a registered sex offender in a position of repeated and unrestricted access to minor children at Pawleys Island Christian Academy.

2.      Pawleys Island Community Church and Pawleys Island Christian Academy held themselves out to parents as a place of safety and assumed a corresponding duty to protect the children entrusted to their care from foreseeable harm[1].

3.      That duty was at its highest where, as here, the child entrusted to Defendants was a very young child, unable to fully understand, report, or protect himself from danger.

4.      Instead, for years, Defendants knowingly allowed Warren Spence Perry, a convicted sex offender and registered sex offender, to occupy a volunteer, custodial, maintenance, or similar role giving him recurring daily access to children enrolled at the Academy, including their minor child.[2]

5.      Plaintiffs bring this class action complaint on behalf of their minor ABC, who was entrusted to Defendants' care and exposed to Perry in the very environment Defendants represented as safe and on behalf of those similarly situated.

6.      Plaintiffs bring this class action complaint on behalf of all persons who paid tuition or mandatory enrollment fees to Pawleys Island Christian Academy for a child who attended the Academy when Warren Spencer Perry was authorized or permitted by the Institutional Defendants

---

[1] https://www.pawleysisland.church/pica
[2] https://www.wlfi.com/2026/07/29/church-director-accused-allowing-convicted-sex-offender-volunteer-campus-with-children-years/

to work, volunteer, perform custodial or maintenance services, or otherwise be present on the Church or Academy campus during school hours or Academy-sponsored activities.

7. Because of their minor child's youth and vulnerability, and because of Defendants' concealment and continued placement of Perry among children, Plaintiffs and Class Members may never be able to determine the full extent of what their minor children saw, experienced, or may have been subjected to during the period of Perry's access.

8. That uncertainty is itself a permanent and profound injury inflicted upon both their minor child and his parents by Defendants' conduct.

9. Upon information and belief, Perry was subject to standard sex-offender supervision conditions requiring him to refrain from contact with minors and to refrain from working within one thousand (1,000) feet of minors, yet he remained regularly present on a church campus that also operated a school and childcare facility.[3]

10. This action does not require this Court to resolve any question of religious doctrine. It asks only that Defendants be held to the same secular principles of law governing the operation of childcare and educational facilities, the supervision of known dangers, the truthfulness of safety representations made to parents, and the discharge of governmental supervision duties that apply to every other institution and agency.

## **PARTIES**

11. Plaintiffs re-allege and incorporate by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

---

[3] SC Code § 23-3-535 (2025)

12. Plaintiffs' minor child ABC is a child who, at all times relevant to this Complaint, was a citizen and resident of Georgetown County, South Carolina, and was enrolled at Pawleys Island Christian Academy during the relevant period.

13. Plaintiffs John Doe and Jane Doe bring this action individually and in their representative capacities as parents, guardians, and next friends of their minor child and on behalf of any other minor who was exposed to Perry in the very environment Defendants represented as safe and any parent who paid tuition or mandatory enrollment fees to Pawleys Island Christian Academy for a child who attended the Academy when Warren Spencer Perry was authorized or permitted by the Institutional Defendants to work, volunteer, perform custodial or maintenance services, or otherwise be present on the Church or Academy campus during school hours or Academy-sponsored activities.

14. Plaintiffs John Doe and Jane Doe bring this action individually and in their representative capacities as parents, guardians, and next friends of their minor child and on behalf of any other similarly situated.

15. Plaintiffs proceed under pseudonyms because this action concerns the exposure of a minor child to a registered sex offender and matters that would subject the child and his family to humiliation, embarrassment, stigma, and amplified injury if their identities were publicly disclosed.

16. The public interest in disclosure of Plaintiffs' identities is minimal and is substantially outweighed by the harm that public identification would inflict upon their minor child and his family.

4

17. Defendants are not prejudiced by Plaintiffs' use of pseudonyms because Plaintiffs' identities will be disclosed to Defendants in a confidential manner upon service and the appearance of counsel, if not already known.

18. Plaintiffs will seek leave to proceed under pseudonyms to the extent such leave is required.

19. Defendant Pawleys Island Community Church ("PICC" or "the Church") is, and at all relevant times was, a non-profit religious corporation organized and existing under the laws of the State of South Carolina, with its principal place of business in Georgetown County, South Carolina.

20. Upon information and belief, the Church was formerly known as Pawleys Island Baptist Church and is an independent, self-governing, elder-led congregation not subject to the control of a parent denomination or hierarchical body.

21. Defendant Pawleys Island Christian Academy ("PICA" or "the Academy") is, and at all relevant times was, a childcare and educational ministry operated by, though, under, or within Pawleys Island Community Church, serving children in Georgetown County, South Carolina.

22. To the extent the Academy is separately organized or licensed, it is named separately. To the extent it is a ministry, division, assumed name, instrumentality, or operational arm of the Church, the Church is liable for its acts and omissions.

23. The Church and the Academy are referred to collectively herein as the "Institutional Defendants."

24. Defendant Donald James Williams ("Pastor Williams") is, and at all relevant times was, the Senior Pastor of Pawleys Island Community Church and is, upon information and belief, a citizen and resident of South Carolina.

5

25.     Pastor Williams exercised leadership, governance, oversight, and supervisory authority over the Church and Academy, including persons permitted to serve in positions of access to children.

26.     Upon information and belief, Perry's conviction and status as a registered sex offender were actually known to Pastor Williams, and Pastor Williams personally provided a character reference or other support to SCDPPPS on Perry's behalf in connection with Perry's request or approval to work or volunteer at the Church.

27.     Defendant Virginia Lee "Ginny" Williams ("Ginny Williams") is, and at all relevant times was, an employee, agent, and member of the leadership of Pawleys Island Community Church and is, upon information and belief, a citizen and resident of South Carolina.

28.     Upon information and belief, Ginny Williams had knowledge of, or in the exercise of reasonable care should have had knowledge of, the matters alleged herein and participated in, ratified, or approved decisions affecting Perry's role and access.

29.     Defendant Jennifer "Niki" Howard ("Howard") is, and at all relevant times was, the Director of Pawleys Island Christian Academy and is, upon information and belief, a citizen and resident of South Carolina.

30.     Howard was responsible for the day-to-day operation of the Academy, including the screening, placement, supervision, and monitoring of staff and volunteers, the safety of the children enrolled there, and the receipt, investigation, and remediation of complaints regarding child safety.

31.     Upon information and belief, Howard had actual knowledge that Perry was a registered sex offender and permitted him to remain in a position of access to children.

6

32.     Defendants John Doe Elders 1-10 are the members of the Elder Board, Session, or equivalent highest governing body of Pawleys Island Community Church, whose true identities are presently unknown to Plaintiffs and will be ascertained through discovery.

33.     The Elder Defendants are sued individually and in their representative capacities as members of the governing body that exercised ultimate corporate and governance authority over the Church and Academy.

34.     Because the Church is, upon information and belief, independent and self-governing, the Elder Board constituted the single, continuous, self-perpetuating governing body in which the ultimate corporate authority of the Church resided.

35.     Defendant Warren Spencer Perry ("Perry") is, upon information and belief, an adult citizen and resident of Georgetown County, South Carolina.

36.     Perry was convicted in Georgetown County in 2023 of sexual exploitation of a minor and is a registered sex offender.[4]

37.     At all relevant times, Perry occupied a volunteer, custodial, maintenance, or similar role at the Church and Academy, with repeated, direct, daily, and unrestricted access to children enrolled there, including Plaintiffs' minor child.

38.     Whenever this Complaint refers to any act or omission of the Church, the Academy, or any Institutional Defendant, such reference includes the acts and omissions of their officers, elders, agents, servants, employees, volunteers, representatives, administrators, and other personnel acting within the course and scope of their employment, agency, or engagement, both directly and vicariously.

---

[4] https://abcnews4.com/news/local/gcso-man-64-arrested-and-charge-in-connection-to-child-pornography-investigation

7

39.     Defendant Southern Baptist Convention is incorporated in Georgia but maintains its offices and staff on 901 Commerce Street, Seventh Floor, Nashville, TN 37203-3699.

40.     Defendant The Executive Committee of the Southern Baptist Convention handles any administrative and legal matters of the Southern Baptist Convention, and it is located in Tennessee at 901 Commerce Street, Seventh Floor, Nashville, TN 37203-3699.

41.     Defendant Pawleys Island Community Church is a cooperating church with the South Carolina Baptist Convention, a state convention that is affiliated with the Southern Baptist Convention.

42.     Through its cooperative relationship with the South Carolina Baptist Convention and its affiliation with the Southern Baptist Convention, Defendant Pawleys Island Community Church participates in and benefits from the ministries, resources, programs, and cooperative activities that are made available through those that are affiliated to the Baptist organizations.

## JURISDICTION AND VENUE

43.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C.§1332, because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one member of the class is a citizen of a state different from each Defendant.

44.     This Court has personal jurisdiction over Defendants because Defendants transacted business within this District, present, continuous, and substantial contacts with the State of South Carolina such that this Court may exercise personal jurisdiction over each Defendant consistent with due process.

8

45.    Venue is proper under 28 U.S.C §1391(b) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in and emanated from this District.

## JOINT AND SEVERAL LIABILITY

46.    The Defendants, to the extent limited by statute, are jointly and severally liable to the extent permitted by law because their negligent, grossly negligent, reckless, willful, and wanton acts and omissions, singularly and in combination, were direct and proximate causes of Plaintiffs' injuries and damages.

## NEUTRAL PRINCIPLES OF LAW AND ABSENCE OF ECCLESIASTICAL BAR

47.    The First Amendment to the United States Constitution protects religious organizations in matters of faith, doctrine, and internal ecclesiastical governance.

48.    It does not immunize a church or school from liability for operating a childcare or educational enterprise in a negligent, reckless, or unlawful manner. (*See*, *Ira Banks v. St. Matthew Baptist Church*, 406 S.C. 156 (2013).

49.    South Carolina courts may adjudicate disputes touching religious organizations where those disputes may be resolved through neutral principles of law without deciding questions of religious doctrine.

50.    The screening, placement, retention, supervision, monitoring, and concealment of a registered sex offender around children; the operation of a childcare facility; the truthfulness of safety representations made to parents; and the discharge of duties owed to children entrusted to institutional care are secular matters governed by neutral principles of law.

51.    This action therefore presents no ecclesiastical bar to adjudication.

52.    The Institutional Defendants accepted custody of minor children from their parents, including Plaintiffs' minor child, for educational, supervisory, custodial, and childcare purposes.

9

53.     In doing so, the Institutional Defendants stood in a special relationship to the Plaintiffs' and their minor child and owed affirmative, non-delegable duties to supervise, protect, and safeguard their minor child from reasonably foreseeable harm.

54.     These duties were heightened because the population served by the Academy included infants, toddlers, preschoolers, and young children who were uniquely vulnerable and dependent on adults for protection.

55.     The Institutional Defendants further undertook duties of protection through their public representations, enrollment materials, website statements, parent communications, and assumption of responsibility for children entrusted to their care.

56.     Plaintiffs' and Class Members' minor children were at all relevant times students, business invitees, and children in custodial care on the premises of the Church and Academy.

57.     The duties owed by the Institutional Defendants and the individual defendants included, without limitation, the following:

    a.    The duty to screen, investigate, and complete all criminal history, sex-offender-registry, and other required background checks on every employee, volunteer, and other adult placed in a position of access to children;

    b.    The duty not to place or retain a known registered sex offender in a position of access to children;

    c.    The duty to supervise and monitor adult interactions with children on the premises and prohibit unrestricted or unsupervised access by a known danger;

    d.    The duty to receive, investigate, document, and remediate complaints and warnings concerning child safety;

    e.    The duty to report suspected abuse, neglect, or danger to proper authorities as required by law;

f.  The duty to disclose material safety risks known to Defendants to parents who were entrusting and paying them for the care of their children; and

g.  The duty to refrain from making false or misleading representations of safety.

58.  Each of these duties is secular in nature and governed by neutral principles of law.

## THE INSTITUTIONAL DEFENDANTS' REPRESENTATIONS OF SAFETY

59.  The Institutional Defendants induced parents, including Plaintiffs and Class Members, to entrust and pay them for the care and education of their children by representing that the environment was safe.

60.  These representations were false.

61.  All volunteers were not properly screened and trained.

62.  A registered sex offender occupied a recurring position of access to the children.

63.  Upon information and belief, the Academy had been cited on multiple occasions for background-check deficiencies and related child-safety noncompliance.

64.  Plaintiffs and Class Members reasonably relied upon the Institutional Defendants' safety representations in enrolling their minor children and paying tuition and fees for their care and education.

## PRIOR NOTICE, ACTUAL KNOWLEDGE, AND THE TOTAL ABSENCE OF CARE

65.  The harm to their minor children and their parents was foreseeable because the Institutional Defendants and the individual defendants had actual and constructive notice of the very danger that caused it.

66.  Perry was convicted in 2023 of sexual exploitation of a minor and became and remains a registered sex offender.

11

67. Upon information and belief, Perry occupied his role at the Church and Academy beginning before his conviction and continuing through July 2026, with repeated access to children throughout that period.

68. Upon information and belief, Perry's conviction and sex-offender status were actually known to Church and Academy leadership, including Pastor Williams and Howard.

69. Upon information and belief, Pastor Williams personally provided a character reference or similar support to SCDPPPS on Perry's behalf and omitted or failed to disclose the full extent of Perry's child access at the Church and Academy.

70. Upon information and belief, a teacher at the Academy raised concerns to leadership about Perry's registered sex-offender status and continued presence around children.

71. Rather than remove Perry, restrict him, disclose the risk to parents, or notify authorities, Defendants dismissed the concerns and, upon information and belief, forced out or silenced the person who raised them.

72. This conduct was not mere oversight. It was a conscious failure to exercise even slight care for the safety of the children entrusted to Defendants' custody.

## FACTUAL ALLEGATIONS AS TO THEIR MINOR CHILDREN AND PLAINTIFFS

73. Upon information and belief, Plaintiffs and Class Members enrolled their minor children at Pawleys Island Christian Academy during the period in which Perry occupied his role with repeated access to children.

74. Plaintiffs' minor child was a young child during his enrollment and was among the vulnerable children entrusted to the care of the Institutional Defendants.

75. Plaintiffs and Class Members paid tuition, enrollment fees, and other sums for their minor child's care, custody, supervision, and education.

76.    Neither the Church, nor the Academy, nor Pastor Williams, nor Ginny Williams, nor Howard, nor the Elder Defendants disclosed to Plaintiffs or other Class Members that Perry, a registered sex offender, occupied a position of repeated access to the children on campus.

77.    Neither the Church, nor the Academy, nor any of the individual defendants disclosed to Plaintiffs and Class Members that the Academy had, upon information and belief, been cited for child-safety and background-check deficiencies.

78.    As a direct and proximate result of Defendants' conduct, Plaintiffs' minor child was exposed to a convicted child sex offender in the very environment his parents were told would be safe.

79.    Because of their minor child's age, the full extent of what he saw, experienced, or may have been subjected to while a registered sex offender had access to him cannot presently be known.

80.    Plaintiffs' and Class Members' minor children have suffered and will continue to suffer emotional, developmental, psychological, and evaluative harm as a result of this exposure, the disruption of his sense of safety, and the need to determine the extent of his injury.

81.    Plaintiffs John Doe and Jane Doe have suffered and will continue to suffer severe emotional distress, anguish, fear, loss of security, pecuniary losses, and the permanent burden of not knowing what their child was exposed to in the custody of those they trusted and paid to keep him safe.

## CHARITABLE IMMUNITY, RECKLESSNESS, AND MULTIPLE OCCURRENCES

82.    Upon information and belief, the Institutional Defendants may contend that they are entitled to some form of charitable immunity or statutory limitation on liability.

13

83.     Any such asserted protection does not bar or cap the recovery sought herein for multiple reasons, including because Plaintiffs and Class Members allege reckless, willful, wanton, and grossly negligent conduct by the individual defendants and because the conduct alleged falls outside the protection of any legitimate charitable purpose.

84.     Each separate negligent, grossly negligent, reckless, willful, or wanton act or omission contributing to Plaintiffs' and Class Members' injury constitutes a separate occurrence to the extent permitted by law.

85.     The separate occurrences alleged herein include, without limitation:

    a.     The placement of Perry in a position of access to children;

    b.     The retention of Perry after actual knowledge of his conviction and sex-offender status;

    c.     The repeated failure to conduct legally required background checks and safety compliance;

    d.     The concealment of Perry's status from parents and teachers;

    e.     The failure to act on internal warnings;

    f.     The misrepresentations of safety to parents; and
    g.     Plaintiffs reserve the right to prove, and to have the finder of fact determine, the number of occurrences.

86.     Plaintiffs incorporate by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

## CLASS ACTION ALLEGATIONS

87.     Plaintiffs bring this action individually and as Parents, Guardians, and Next Friends of their minor child and on behalf of all others similarly situated, and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following classes:

**Child Class:  All persons who were minors, were enrolled at Pawleys Island Christian Academy, and attended the Academy on one or more days during the Class Period when Warren Spencer Perry was authorized or permitted by the Institutional Defendants to work, volunteer, perform custodial or maintenance services, or otherwise be present on the Church or Academy campus during school hours or Academy-sponsored activities.**

The Child Class does not assert, and this action will not adjudicate or release, any claim for alleged sexual abuse, physical injury, emotional distress, psychological injury, developmental injury, medical or evaluative expenses, or other individualized personal-injury or consequential damages. All such claims remain preserved for each child and parent to pursue individually.

**Parent Class: All persons who paid tuition or mandatory enrollment fees to Pawleys Island Christian Academy for a child who attended the Academy on one or more days during the Class Period when Warren Spence Perry was authorized or permitted by the Institutional Defendants to work, volunteer, perform custodial or maintenance services, or otherwise be present on the Church or Academy campus during school hours or Academy-sponsored activities.**

88.     Excluded are Defendants, their immediate family members, and any person whose claim would require adjudication in this action of alleged sexual abuse or other individualized physical or psychological injury. Also excluded from the Class are Defendants' officers, directors, affiliates, legal representatives and employees.

15

89.     Plaintiffs reserve the right to amend the Class definitions if further investigation and discovery indicate that the Class definitions should be narrowed, expanded, or otherwise modified.

90.     This action has been brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

91.     **Numerosity** – The Class numbers at least in the hundreds of people. As a result, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action through a variety of means, including, but not limited to, direct mail, email, published notice, and website posting.

92.     **Existence and Predominance of Common Questions of Law and Fact** – There are questions of fact and law common to the Class that predominate over any question affecting only individual members. Those questions, each of which may also be certified under Rule 23(c)(4), include without limitation:

a.      Whether Defendants knew or should have known of Warren Spencer Perry's status as a convicted and registered sex offender;

b.      Whether Defendants owed a duty of care to the Classes to screen volunteers and prevent registered sex offender;

c.      Whether Defendants breached their duty of care to the Classes to screen volunteers and prevent registered sex offenders from having unrestricted access to children;

d.      Whether Defendants made affirmative misrepresentations related to the safety of the Academy and the screening of volunteers;

e.     Whether Defendants breached their duty of care by letting Perry to serve in a volunteer role with daily and unrestricted access to children;

f.     Whether Defendants made affirmative misrepresentations related to the safety of the Academy and the screening of volunteers;

g.     Whether Defendants fraudulently concealed Perry's criminal history and sex offender status from the children's parents;

h.     Whether exposure to a registered sex offender is a cognizable injury;

i.     Whether members of the Child Class suffered emotional, psychological, and developmental harm due to the exposure to Perry;

j.     Whether members of the Parent Class suffered emotional distress and derivative due to their children's exposure to Perry; and

k.     Whether Defendants' conduct results in punitive damages.

93.     **Typicality** –Plaintiffs' claims are typical of those of the Class in that the Class members enrolled their children at the Academy based on the representation that it was a safe environment and that Defendants screened volunteers. As a result, their children were exposed to Perry during his service at the Academy.

94.     **Adequacy -** A class action is the appropriate method for the fair and efficient adjudication of this controversy. The presentation of separate incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of Class members to protect their interests. In addition, it would be impracticable and undesirable for each member of the Class who suffered an economic loss to bring a separate action. The maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent

17

adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

95.     **Insufficiency of Separate Actions** – Absent a representative class action, members of the Class would continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendants. Counsel is experienced in the litigation of civil matters, including the prosecution of consumer protection class action cases.

## CAUSES OF ACTION

## FOR A FIRST CAUSE OF ACTION
### Negligence

96.     Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

97.     At all relevant times, Defendants owed a duty of reasonable care, to members of the Child Class to provide a safe educational environment and to exercise reasonable care in while supervising students in their charge.

98.     The standard of care that was required from Defendants was that of a parent of ordinary prudence needed in a similar situation and with the same information.

99.     Perry, as a person vested with a role that gave him access to children, owed a duty to exercise reasonable care, refrain from accepting prohibited access to minors, disclose disqualifying restrictions, and refrain from conduct that endangered the children around him.

18

100. The Institutional Defendants, Pastor Williams, Ginny Williams, Howard, the Elder Defendants, and Perry breached duties owed to Plaintiffs in one or more of the following respects:

    a.    In placing a known registered sex offender in a position of repeated access to children;

    b.    In retaining that registered sex offender in that position after actual knowledge of his conviction and registry status;

    c.    In failing to complete the background checks and screening required by law and sound child-safety practices;

    d.    In failing to supervise, monitor, and restrict Perry's access to children;

    e.    In failing to protect Plaintiff's minor child, a vulnerable child, from exposure to a known danger;

    f.    In failing to investigate and act on complaints and warnings;

    g.    In failing to report the danger to proper authorities;

    h.    In failing to disclose the danger to Plaintiffs and other parents; and

    i.    In engaging in such other negligent, grossly negligent, reckless, willful, or wanton conduct as discovery may reveal.

101. The failures of these Defendants, in cumulative effect and in light of the actual prior notice alleged above, amounted to a total absence of care for the safety of Plaintiffs' minor child.

102. Defendants breached their duty of care by permitting Perry, a convicted and registered sex offender, to serve in a volunteer role with daily and unrestricted access to children at the Academy.

103. Defendants' breach of duty was the direct and proximate cause of the injuries suffered by members of the Child Class.

104.    As a direct and proximate result, Plaintiffs have suffered and will continue to suffer the injuries and damages alleged herein.

105.    Plaintiffs are entitled to recover actual, compensatory, consequential, and, where permitted by law, punitive damages.

## FOR A SECOND CAUSE OF ACTION

### Negligent Hiring, Selection, Authorization, Retention, Supervision, Training, and Control

106.    Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

107.    Under South Carolina law, an institution and its responsible leaders owe a duty of reasonable care in the screening, hiring, placement, authorization, retention, supervision, monitoring, and training of persons placed in positions of access to and authority around children.

108.    This duty is at its highest where the affected population consists of infants, toddlers, preschoolers, and young children entrusted to a childcare or school environment.

109.    These Defendants breached that duty in one or more of the following respects:

   a.    In failing to conduct and document legally required background checks;

   b.    In placing and retaining Perry, a registered sex offender, in a role with access to children;

   c.    In facilitating Perry's continued presence through affirmative approval, support, ratification, or concealment;

   d.    In failing to supervise and monitor Perry's interactions with children;

   e.    In failing to train staff and volunteers in child-protection and mandatory-reporting obligations;

   f.    In failing to act on complaints and warnings; and

   g.    In committing such other negligent, grossly negligent, or reckless acts as discovery may reveal.

20

110. Defendants knew or should have known that Perry posed a foreseeable risk of harm to children as a result of his criminal history and sex offender status.

111. Despite knowing this information, Defendants hired, retained and failed to supervise Perry, allowing him daily and unrestricted access to the children.

112. These actions breached Defendants' duty of care to members of the Child Class.

113. As a direct and proximate result, Plaintiffs sustained the injuries and damages alleged herein.

## FOR A THIRD CAUSE OF ACTION

### Breach of Fiduciary Duty

114. Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

115. Defendants have a fiduciary duty to members of the Child Class by virtue of their role as educators and custodians of the children entrusted to their care.

116. Parents of the minor children enrolled in the Academy placed their trust in Defendants to provide a safe environment and to act in the best interest of their children.

117. Defendants accepted this trust and confidence and assumed fiduciary duties to members of the Child Class, including the duty to exercise the utmost care for their safety and well-being.

118. By concealing that Perry was a convicted sex offender and allow him to have daily and unrestricted access to children at the Academy, Defendants breached their fiduciary duty.

119. Defendants further breached their fiduciary duties by not informing Parents about Perry's status and by prioritizing Defendants' own interests over the safety of children in their care.

120. As a direct and proximate result, Plaintiffs have suffered consequential damages.

### FOR A FOURTH CAUSE OF ACTION

21

**Fraudulent Misrepresentation and Concealment**

121.    Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

122.    Defendants made representations to Plaintiffs and members of the Classes saying that the Academy was a safe environment for children and that all volunteers were screened.

123.    These representations were false. Defendants knowingly allowed a convicted and registered sex offender to serve in a volunteer role with daily and unrestricted access to children.

124.    Defendants knew that these representations were not true at the time they were made. They made these representations with the intent that Plaintiffs and members of the Classes would rely on them when they decided whether to enroll their children at the Academy.

125.    As a direct and proximate result of Defendants' fraudulent misrepresentations and concealment, members of the Child Class were exposed to a registered sex offender.

## FOR A FIFTH CAUSE OF ACTION

**Violation of the South Carolina Unfair Trade Practices Act**

126.    Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

127.    The Institutional Defendants are engaged in trade or commerce within the meaning of the South Carolina Unfair Trade Practices Act in that they market and sell childcare, educational, and custodial services to families in exchange for tuition and fees.

128.    The Institutional Defendants engaged in unfair and deceptive acts or practices in the conduct of that trade or commerce, including by representing that their services and environment were safe and that appropriate background checks and child-safety protections were in place when they were not.

129.    These representations created a likelihood of confusion and misunderstanding among parents, including Plaintiffs.

22

130. The unfair and deceptive conduct adversely affects the public interest because the same representations were made to all enrolling and prospective families and the conduct is capable of repetition.

131. As a direct and proximate result, Plaintiffs suffered an ascertainable loss of money and property and are entitled to such relief as the statute permits.

## FOR A SIXTH CAUSE OF ACTION

### Reckless Infliction of Emotional Distress

132. Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

133. Defendants recklessly inflicted severe emotional distress upon Plaintiffs' minor child and his parents by knowingly placing and keeping a registered sex offender in a position of daily access to children, concealing that danger, suppressing warnings, and representing to parents that their children were safe.

134. This conduct was extreme and outrageous and exceeded all possible bounds of decency.

135. It was substantially certain, or at minimum highly foreseeable, that severe emotional distress would result from such conduct.

136. Defendants owed a duty of care to members of the Parent Class as the parents of children entrusted to Defendants' care and the Child's Class as the educators.

137. Defendants breached the duty of care to Members of the Class by allowing a convicted sex offender to have daily and unrestricted access to minor children.

138. Defendants knew or should have known that their actions created a foreseeable risk of severe emotional distress to parents whose children were exposed to a registered sex offender in a custodial educational setting and children who were exposed daily to a convicted sex offender.

23

139.    As a direct and proximate result, Plaintiffs and Class Members have suffered and continue to suffer severe emotional distress and related damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs John Doe and Jane Doe, individually and as Parents, Guardians, and Next Friends of their minor child and on behalf of all others similarly situated, respectfully request that the Court enter judgment in their favor and against Defendants as follows:

a.  For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as the representative for the Class and Plaintiffs' attorneys as Class Counsel;

b.  For an order declaring the Defendants' conduct violates the causes of action referenced herein;

c.  For an order finding in favor of Plaintiffs and the Class on all counts asserted herein;

d.  For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.  For prejudgment interest on all amounts awarded;

f.  For an order of restitution and all other forms of equitable monetary relief; and

g.  For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses and costs of suit.

h.  Such other relief as this Court deems just and proper.

Dated: August 4, 2026

Respectfully submitted,

*/s/Paul Doolittle*
**POULIN | WILLEY | ANASTOPOULO, LLC**
Paul J. Doolittle (SC Fed ID #6012)
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536
paul.doolittle@poulinwilley.com
cmad@poulinwilley.com

24

**HOPKINS LAW FIRM, LLC**
William E. Hopkins, Jr. (SC Bar #6075)
J. Clay Hopkins (SC Bar #  102053  )
12019 Ocean Highway
Post Office Box 1885
Pawleys Island, SC 29585
Telephone: (843) 314-4202
Fax:  (843) 314-9365
bill@hopkinsfirm.com
clay@hopkinsfirm.com


*Attorneys for Plaintiffs*